COPY

1    MORGAN, LEWIS & BOCKIUS LLP
2    BARBARA J. MILLER, SBN 167223
    barbara.miller@morganlewis.com
3    MARIA O. GUTIERREZ, SBN 209995
    mgutierriez@morganlewis.com
    S. SEAN KUNDU, SBN 252410
4    skundu@morganlewis.com
    5 Park Plaza, Suite 1750
5    Irvine, CA 92614
    Telephone: 949.399.7000
6    Facsimile:  949.399.7001

7    Attorneys for Defendant
8    BEST BUY STORES, L.P.

FILED

2012 SEP 11  PM 3: 27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY___

9             UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11   TIM CAMPBELL, individually, and on
     behalf of members of the general public
12   similarly situated,

13            Plaintiff,

14         vs.

15   BEST BUY STORES, L.P., a Virginia
     Limited Partnership; and Does 1 through
16   100, inclusive,

17           Defendants.

18

**CV12 - 07794 JAK (SHx)**

Case No. _____

**DEFENDANT BEST BUY STORES, L.P.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Class Action Fairness Act

[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]

19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S NOTICE OF REMOVAL

DB2/ 23467828.5

1   **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2   **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS**

3   **ATTORNEYS OF RECORD:**

4       **PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332(d), 1441,

5   1446 and 1453, Defendant Best Buy Stores, L.P. ("Best Buy") hereby removes the

6   above-entitled action from the Superior Court of the State of California for the

7   County of Los Angeles, to the United States District Court for the Central District

8   of California.  This Court has jurisdiction over the action pursuant to the Class

9   Action Fairness Act of 2005 ("CAFA").  Removal is based on the following

10  grounds:

11  I.   <u>**SUMMARY OF COMPLAINT**</u>

12      This lawsuit is a civil action within the meaning of the Acts of Congress

13  relating to removal of causes.  *See* 28 U.S.C. § 1453.

14      On March 23, 2012, Plaintiff Tim Campbell ("Plaintiff") filed his Class

15  Action Complaint ("Complaint") against Best Buy in the Superior Court of the

16  State of California for the County of Los Angeles, entitled *Tim Campbell v. Best*

17  *Buy Stores, L.P.* and designated Case No. BC481470.  Plaintiff served a copy of his

18  Summons and Complaint on Best Buy's registered agent for service of process in

19  California on April 2, 2012.  A true and correct copy of Plaintiff's original

20  Complaint is attached as **Exhibit A**.

21      On May 2, 2012, Best Buy filed its Answer to Plaintiff's Complaint.  A true

22  and correct copy of Best Buy's Answer to Plaintiff's Complaint is attached as

23  **Exhibit B**.  Plaintiff filed a demurrer to Best Buy's Answer on May 14, 2012.  On

24  June 1, 2012, Best Buy filed an Amended Answer to Plaintiff's Complaint.  A true

25  and correct copy of Best Buy's Amended Answer is attached as **Exhibit C**.

26      Plaintiff purports to bring and maintain this action as a class action under

27  California Civil Procedure Code Section 382.  Compl., ¶¶ 1, 28.  Plaintiff seeks to

28  represent a class of employees consisting of the following putative class:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1                    DEFENDANT'S NOTICE OF REMOVAL

DB2/ 23467828.5

All current and former "Field Technicians," or "Home Appliance Installers" or persons with similar titles and/or similar job duties, who worked for Best Buy Stores, L.P. in the State of California at any time from March 22, 2008 to final judgment.

Compl., ¶ 23.

Plaintiff's Complaint is framed as a putative class action and seeks recovery for purported wage and hour violations under California law. *See* Compl., ¶¶ 1-69. Therefore, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.

Plaintiff's Complaint seeks to recover damages and equitable relief on behalf of the proposed class based on the following four (4) causes of action:      (1) Violation of California Labor Code §§ 510, 1194, and 1198 (failure to pay overtime); (2) Violation of California Labor Code §§ 201 and 202 (failure to pay wages upon discharge); (3) Violation of California Labor Code § 226(a) (wage statement violations); and (4) Violation of California Business and Professions Code § 17200 et seq. (unfair competition claim based on failure to pay overtime and minimum wage, failure to provide meal and rest periods, failure to timely pay wages upon termination, and failure to provide wage statements). *See* Compl., ¶¶ 33-69.

## II.   THIS REMOVAL IS TIMELY

This removal is timely under 28 U.S.C. § 1446(b) as this Notice of Removal was filed and served by Best Buy within thirty (30) days after it had notice that the State Court Action was removable. *See* 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added.)  The complaint did not contain sufficient information to ascertain the amount in controversy.  The amount in controversy was determined to meet the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

2

DEFENDANT'S NOTICE OF REMOVAL

jurisdictional requirement only after Best Buy took Plaintiff's deposition on August 21 and 22, 2012. Plaintiff's deposition testimony demonstrated that this Court has original jurisdiction under 28 U.S.C. § 1332 and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b). *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010) (deposition testimony can constitute "other paper" when defendant is able to reasonably determine for the first time that the amount in controversy was sufficient for diversity jurisdiction); *Steiner v. Horizon Moving Sys. Inc.*, 568 F.Supp.2d 1084, 1087 (C.D. Cal. July 25, 2008) ("Courts have found that a defendant may remove under the 'other paper' provision of section 1446(b) based on a plaintiff's discovery responses or deposition testimony." ); *Lillard v. Joint Med. Products*, 1995 WL 20609, *3 (N.D. Cal. Jan. 13, 1995) (all "formal discovery," including "a deposition, interrogatory, or request for admission" meets the definition of "other paper). As discussed below, this is a civil action between citizens of different states and the amount in controversy exceeds the jurisdictional minimum of $5,000,000 under the Class Action Fairness Act (CAFA).

### III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA, because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and one or more defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453. Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### A.   Diversity of Citizenship Exists.

In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

3                DEFENDANT'S NOTICE OF REMOVAL

member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

### 1. Plaintiff Is a Citizen of California.

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

Plaintiff alleges that he "is an individual residing in the State of California." Compl. ¶ 5. Plaintiff further alleges that the putative class members he purports to represent were employed in California. *Id.* at ¶ 29. Plaintiff was domiciled in the State of California and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### 2. Best Buy Is Not A Citizen Of California.

Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Best Buy is, and was at the time that Plaintiffs filed this action, a Limited Partnership organized and existing under the laws of the State of Virginia with its headquarters in Richfield, Minnesota. *See* Declaration of Suzan Denise McGinnis ("McGinnis Decl."), ¶ 3.

The "principal place of business" of an unincorporated association, as used in 28 U.S.C. § 1332(d)(10), is the association's "nerve center," or "the place where an

1    [association's] officers direct, control, and coordinate the [association's] activities."

2    *See Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n practice," the Supreme

3    Court explained, "it should normally be the place where the [association] maintains

4    its headquarters—provided that the headquarters is the actual center of direction,

5    control, and coordination . . . ."  *Id.*  A limited partnership's principal place of

6    business is often the office which the public considers to be its main place of

7    business.  *Id.* at 1193.  The Supreme Court emphasized in Hertz that the "nerve

8    center test" should be one of "administrative simplicity."  *Id.*

9        Best Buy's principal place of business is located at 7601 Penn Avenue –

10   South, Richfield, Minnesota 55423.  McGinnis Decl., ¶ 3.  Best Buy's high-level

11   management team is based in Minnesota and directs its business from the

12   Minnesota headquarters.  *Id.*  The majority of Best Buy's executive and

13   administrative functions take place in Minnesota.  *Id.*  The greater part of Best

14   Buy's domestic administrative functions (including payroll, accounting, purchasing,

15   marketing, and information systems) are and have been performed in Minnesota.

16   *Id.*  Best Buy holds itself out to the public as having its corporate headquarters in

17   Minnesota.  *Id.*

18        Thus, Best Buy is, and was at the time that Plaintiff filed this action, a citizen

19   of Minnesota for diversity purposes under CAFA.  28 U.S.C. § 1332(d)(10); *see*

20   *also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1030 (9th Cir. 2009)

21   (holding that Best Buy Stores is not a citizen of California).

### B.    The Amount in Controversy Exceeds CAFA's Jurisdictional Minimum of $5 Million.

Pursuant to CAFA, the amount in controversy component of diversity

jurisdiction is satisfied when the aggregated claims of the individual members in a

putative class action exceed the sum or value of $5 million, exclusive of interest

and costs.  *See* 28 U.S.C. § 1332(d)(2), (d)(6).  Furthermore, Congress intended for

federal jurisdiction to be appropriate under CAFA "if the value of the matter in

1  litigation exceeds $5 million either from the viewpoint of the plaintiff or the

2  viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

3  damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP.

4  109-14, at 42.

5      The Complaint alleges that the amount in controversy is less than $5

6  million.[1]  The evidence in this case, however, enables an estimate that the actual

7  amount in controversy certainly exceeds $5,000,000. *See Campbell v. Vitran Exp.,*

8  *Inc.*, 47 Fed.Appx. 646, 647 (9th Cir. 2012).

9      The amount in controversy is determined at the time of removal and is to be

10  decided based on the allegations in the operative pleading. *Id.* at 1004.

11      In measuring the amount in controversy, the Court must assume that the

12  allegations of the complaint are true and that a jury will return a verdict for the

13  plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan*

14  *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate

15  inquiry is what amount is put "in controversy" by the plaintiff's complaint, not

16  what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F.

17  Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand) *citing*

18  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).  This

19  burden "is not 'daunting,' as courts recognize that under this standard, a removing

20  defendant is not obligated to 'research, state, and prove the plaintiff's claims for

21  damages.'" *Korn*, 536 F. Supp. at 1204-05.  In cases where statutory penalties are

22  sought, "district courts in the Southern District of California and the Central

23  District of California have looked to the statutory maximum . . . in determining

24  whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205.

25  A defendant seeking to invoke CAFA jurisdiction can establish the amount in

26

27  [1] Plaintiff, however, pleads no ***facts*** that his damages or that of the putative class is

28  less than the jurisdictional amount. *See* Compl., ¶ 1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

6

DEFENDANT'S NOTICE OF REMOVAL

controversy by presenting evidence of the number of putative class members. *Id.* at 1206. The number of putative class claims can then be multiplied by the damages alleged per claim to determine the amount in controversy. *Id.*

Here, while Best Buy denies Plaintiff's factual allegations and denies that he or the class that he purports to represent is entitled to the relief for which he has prayed,[2] it is clear that when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's FAC put into controversy an amount in excess of $5 million, even if the legal certainty standard applies.[3]

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Best Buy's reference to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Best Buy maintains that each of Plaintiff's claims is without merit and that Best Buy is not liable to Plaintiff. Best Buy specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Best Buy. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

[3] In *Nelson v. Bic USA, Inc.*, 2008 WL 906049 (S.D. Cal. Apr. 1, 2008), the named plaintiff alleged that "under no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000," and that "no putative class member individually claims more than $10.00 in damages." *Id.* at *1 (internal quotations omitted). Bic provided evidence that the class size, based on sales data of Bic lighters, was in excess of 500,000 people. *Id.* Multiplying the class size (500,000) by the individual amount in controversy alleged in the complaint ($10), in addition to other relief, resulted in an amount in controversy that met the $5 million CAFA threshold. *Id.* at *4. Here, applying the same principles demonstrates that the amount in controversy greatly exceeds the $5 million jurisdictional minimum. Multiplying the actual number of putative class members (135) by Plaintiff's alleged individual claim ("less than $75,000", Compl. ¶ 1) results in an amount in controversy of $10,124,865.00 (4,178 * $74,999)., which satisfies the amount in controversy e.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

7

DEFENDANT'S NOTICE OF REMOVAL

1.     **Information Relevant to Amounts at Issue**

In his Complaint, Plaintiff purports to represent "All current and former 'Field Technicians,' or 'Home Appliance Installers' or persons with similar titles and/or similar job duties, who worked for Best Buy Stores, L.P. in the State of California at any time from March 22, 2008 to final judgment." Compl., ¶ 23. Accordingly, pursuant to the pleadings, the Class Period sought by Plaintiff is from March 22, 2008 through at least the present.

From March 22, 2008 through August 23, 2012, Best Buy has employed approximately 135 In-Home Appliance Repair Techs (Plaintiff's position throughout the Class Period) in California. Declaration of Bonny Nelson ("Nelson Decl."), ¶ 2. From March 22, 2011 through August 23, 2012, Best Buy employed 109 In-Home Appliance Repair Techs in California. *Id.* From March 22, 2008 to August 23, 2012, approximately 57 In-Home Appliance Repair Techs employed by Best Buy in California ceased employment with Best Buy. *Id.*

From March 22, 2008 through August 23, 2012, the putative class members worked at least a total of approximately 18,600 workweeks. *Id.* at ¶ 3.

The ***lowest*** hourly wage received by an In-Home Appliance Repair Tech from March 22, 2008 through August 23, 2012 was $18.54/hour. *Id.* at ¶ 4. Plaintiff's hourly wage was $23.95, and the average hourly wage for all In-Home Appliance Repair Techs from March 22, 2008 through August 23, 2012 is $24.33. *Id.*

Plaintiff testified during his deposition that he worked an average of 30 minutes off-the-clock each morning, another 30 minutes off-the-clock at the end of each day, and also worked during his 30-minute meal period every day, for which he was not paid. *See* Plaintiff's Depo., 24:2-12; 33:8-34:8; 34:14-35:1; 40:5-13; 48:20-21; 73:4-8; 106:24-25,107:8-9; 109:7-13, attached to the Declaration of Barbara J. Miller ("Miller Decl."), ¶ 2.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

8

DEFENDANT'S NOTICE OF REMOVAL

### 2.   Plaintiff's Claim for Unpaid Wages Places at Least $3,879,495 in Controversy.

In his First Cause of Action, Plaintiff seeks "unpaid overtime compensation, as well as interest, costs, and attorneys' fees." Compl. ¶ 45. Although there is a three-year statute of limitations on this claim under California Code of Civil Procedure § 338, based on Plaintiff's UCL claim (Plaintiff's Fourth Cause of Action) and pleadings (*see* Compl. ¶ 61, 69), the statute of limitations is extended to four years. Cal. Bus. & Prof. Code § 17208; *see Lazaro v. Lomarey Inc.*, 2012 WL 566340, *9 (N.D. Cal. Feb. 21, 2012) ("Claims for unpaid overtime wages under the Labor Code are governed by a three-year statute of limitations provided by California Code of Civil Procedure § 338(a). However, since plaintiffs can recover their unpaid overtime wages as restitution under Business & Professions Code §§ 17200 et seq. , they get the benefit of its four-year statute of limitations.")

Plaintiff alleges that "[a]t all material times …, Defendant failed … to pay overtime wages to Plaintiff and the other class members." Compl. ¶ 25. Plaintiff testified that he worked an average of about 1.5 hours off-the-clock each day. *See* Plaintiff's Depo., 24:2-12; 33:8-34:8; 34:14-35:1; 40:5-13; 48:20-21; 73:4-8; 109:7-13. He pleads that "[he] and the other class members worked an excess of eight (8) hours in a day" and that "[his] claims are typical of ***all other class members***[.]" Compl. ¶ 31b. (emphasis added.)

Based on Plaintiff's own testimony and his allegations in the Complaint that his claims are ***typical*** of all the purported class members, Plaintiff's overtime claim places at least **$3,879,495** in controversy under the four-year statute of limitations of his UCL claim and the ***lowest*** hourly wage for In-Home Appliance Repair Techs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

9

DEFENDANT'S NOTICE OF REMOVAL

1   [$27.81/hour (overtime rate for $18.54/hour) * 1.5 hours/day * 5 days/week *

2   18,600 workweeks][4].

### 3. Plaintiff's Claim for Meal Period Violations Places at Least $1,724,220 in Controversy.

In his Fourth Cause of Action, Plaintiff alleges Best Buy"fail[ed] to provide legally required meal periods" and "seeks restitution of wages withheld and retained by Defendant during the period that commences on March 22, 2008[.]" Compl. ¶¶ 62, 69.  Section 226 of the California Labor Code requires Best Buy to provide Plaintiff (and the putative class members) with an uninterrupted 30-minute meal period.  Cal. Lab. Code § 226; *see Ricaldai v. U.S. Investigations Services, LLC*, 2012 WL 2930474, *4 (C.D. Cal. May 25, 2012).  Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order and California Labor Code § 226.7(b) , each class member would be entitled to recover one hour of pay for each work day a meal period was not provided.

Plaintiff alleges that Best Buy "failed to provide the Plaintiff and the other class members the required … meal periods during the relevant time period …" Compl. ¶ 18.  He pleads that "Defendant knew or should have known that Plaintiff and the other class members were entitled to received all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed." *Id.* at ¶ 19.  Plaintiff also pleads that "[a]t all material times …, Defendant failed to fully comply with the relevant portions of the Labor Code and the IWC orders to provide uninterrupted meal … periods to Plaintiff and the other class members." Compl. ¶ 25.  Plaintiff further testified that he worked during every one of his meal periods (*See* Plaintiff's Depo., 48:20-21;

---

[4] Using the average hourly wage of an In-Home Appliance Repair Tech, the amount in controversy would be **$5,090,355** [$36.49 (overtime rate for $24.33/hour) * 1.5 hours/day * 5 days/week * 18,600 workweeks],which alone meets CAFA's $5MM amount in controversy threshhold.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

10

DEFENDANT'S NOTICE OF REMOVAL

106:24-25, 107:8-9; 109:7-13) and alleges that "[his] claims are typical of *all* other class members[.]" Compl. ¶ 31b. (emphasis added.)

Based on Plaintiff's own testimony and his allegations in the Complaint that his claims are *typical* of the purported class members, the amount in controversy placed by under Plaintiff's UCL claim for meal period violations is at least Plaintiff's overtime claim places at least **$1,724,220** in controversy using the *lowest* hourly wage for In-Home Appliance Repair Techs [$18.54/hour (meal period penalty) * 5 hours of penalties/week * 18,600 workweeks].[5]

### 4.  Plaintiff's Claim for Wage Statement Violations Places at Least $257,500 in Controversy.

In his Third Cause of Action, Plaintiff seeks statutory waiting-time penalties against Defendant for allegedly failing to timely pay wages due following termination, as required by Labor Code Sections 201 through 203. Compl., ¶¶ 52-56. Specifically, Plaintiff alleges that "[a]t all material times set forth herein, [Best Buy] failed to provide complete and accurate wage statements to Plaintiff and the other class members." Compl., ¶26, *see* ¶ 54 (Best Buy "intentionally and willfully failed to provide Plaintiff and other class members with complete and accurate wage statements.")

Under California Labor Code Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period, up to an aggregate penalty of $4,000, for a knowing and intentional violation. There is a one-year statute of limitations on this claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, *6 (S.D. Cal. Aug. 9, 2010).

---

[5] Using the average hourly wage of an In-Home Appliance Repair Tech, increases this amount to **$2,262,690** [$24.33/hour * 5 hours of penalties/week * 18,600 workweeks].

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

11

DEFENDANT'S NOTICE OF REMOVAL

From March 22, 2011 through August 23, 2012, Best Buy employed 109 In-Home Appliance Repair Techs in California.  Nelson Decl., ¶ 5.  There have been at least 38 pay periods since this time, but not all of these employees worked every pay period since March 22, 2011.  *Id.*  The breakdown of how many pay periods worked by employee and the approximately amount in controversy for this claim is as follows:

| Number of Employees | Approx. No. of Pay Periods | Calculation | Total |
|---|---|---|---|
| 70 | 29 | [(1*50)+(28*100)]*70 | $199,500.00 |
| 1 | 28 | [(1*50)+(27*100)]*1 | $2,750.00 |
| 11 | 27 | [(1*50)+(26*100)]*11 | $29,150.00 |
| 2 | 26 | [(1*50)+(25*100)]*2 | $5,100.00 |
| 1 | 25 | [(1*50)+(24*100)]*1 | $2,450.00 |
| 2 | 24 | [(1*50)+(23*100)]*2 | $4,700.00 |
| 1 | 23 | [(1*50)+(22*100)]*1 | $2,250.00 |
| 1 | 17 | [(1*50)+(16*100)]*1 | $1,650.00 |
| 2 | 15 | [(1*50)+(14*100)]*2 | $2,900.00 |
| 1 | 14 | [(1*50)+(13*100)]*1 | $1,350.00 |
| 1 | 11 | [(1*50)+(10*100)]*1 | $1,050.00 |
| 1 | 10 | [(1*50)+(9*100)]*1 | $950.00 |
| 1 | 8 | [(1*50)+(7*100)]*1 | $750.00 |
| 1 | 7 | [(1*50)+(6*100)]*3 | $650.00 |
| 1 | 6 | [(1*50)+(5*100)]*1 | $550.00 |
| 3 | 4 | [(1*50)+(3*100)]*3 | $1,050.00 |
| 1 | 3 | [(1*50)+(2*100)]*1 | $250.00 |
| 3 | 2 | [(1*50)+(1*100)]*3 | $450.00 |
| **TOTAL** | | | **$257,500.00** |

*Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

12                    DEFENDANT'S NOTICE OF REMOVAL

Thus, the total amount of penalties in controversy under Plaintiff's Third Cause of Action alone would be at least **$257,500**.

### 5.     <u>Plaintiff's Claim for Waiting Time Penalties Places at Least $253,675 in Controversy.</u>

Plaintiff also seeks statutory waiting-time penalties against Defendant for allegedly failing to timely pay wages due following termination, as required by Labor Code Sections 201 through 203. Compl., ¶¶ 46-51. Plaintiff' Complaint alleges that "[a]t all material times set forth herein, [Best Buy] failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation." Compl., ¶27, *see* ¶ 50. Plaintiff claims that "[he] and the other class members are entitled to recover the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203." Compl., ¶ 51. Plaintiff further alleges that Best Buy's "failure to timely pay wages upon termination … constitutes unlawful and/or unfair activity prohibited by California Business and Professions Code section 17200, et seq." *Id.* at ¶ 64.

From March 22, 2008 to August 23, 2012, approximately 57 In-Home Appliance Repair Techs employed by Best Buy in California ceased employment with Best Buy. Nelson Decl., ¶ 2. The ***lowest*** hourly wage received by an In-Home Appliance Repair Tech from March 22, 2008 through August 23, 2012 was $18.54/hour. *Id.* at ¶ 4. The amount at issue per former employee per day is at least $148.00 ($18.54/hour * 8 hours = $148.32). For purposes of calculating Labor Code Section 203 penalties , the amount at issue per former employee for 30 days is at least $4,449.00 ($148.32 * 30 days = $4,449.60). Accordingly, Plaintiffs' claim against Defendant for alleged failure to timely pay wages due upon employment termination under California Labor Code Sections 201, 202 and 203

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

13

DEFENDANT'S NOTICE OF REMOVAL

places at issue at least **$253,627** (57 formerly employed putative class members * $4,449.60 = $253,627.20).[6]

### 6.    The Total Amount in Controversy Exceeds $5,000,000

Based on the conservative calculations contained in this Notice (using the *lowest* hourly wage and ***not including*** any amounts for requested attorneys' fees), the amount in controversy clearly exceeds $5,000,000:

- Unpaid Overtime Wages – at least $3,879,495 ;
- Meal Period Penalties – at least $1,724,220 ;
- Wage Statement Penalties – at least $257,500;
- Waiting Time Penalties – at least $253,627;
- Total – at least **$6,114,842**.[7]

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

As set forth above, this Notice of Removal is filed within thirty (30) days after Best Buy had notice (based on Plaintiff's deposition testimony) that the State Court Action was removable.

This action was originally filed in the California Superior Court for the County of Los Angeles.  Venue is therefore proper in United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441(a), because this District encompasses the county in which this action has been pending since its inception.

---

[6] Using the average hourly wage, the amount in controversy for this claim would be at least **$332,834** ($24.33/hour * 8 hours * 30 days * 57 former employees = $332,834.40).

[7] The total amount in controversy using the ***average*** hourly wage for In-Home Appliance Repair Techs would be at least **$7,943,379** [$5,090,335 (unpaid overtime wages) + $2,262,690 (meal period penalties) + $257,500 (wage statement penalties) + $332,834 (waiting time penalties).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

14                    DEFENDANT'S NOTICE OF REMOVAL

1    Best Buy will promptly serve this Notice of Removal on all parties and will

2    promptly file a copy of this Notice of Removal with the clerk of the state court in

3    which the action is pending, as required under 28 U.S.C. § 1446(d).

4        Plaintiff filed his Complaint on March 23, 2012.  Plaintiff served a copy of

5    his Summons and Complaint on Best Buy's registered agent for service of process

6    in California on April 2, 2012.  True and correct copies of Plaintiff's Summons,

7    original Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum,

8    Notice of Case Assignment, and ADR Information Packet are attached as **Exhibit**

9    **A**.  On May 2, 2012, Best Buy filed its Answer to Plaintiff's Complaint.  A true

10   and correct copy of Best Buy's Answer to Plaintiff's Complaint is attached as

11   **Exhibit B**.  Plaintiff filed a demurrer to Best Buy's Answer on May 14, 2012.  On

12   June 1, 2012, Best Buy filed an Amended Answer to Plaintiff's Complaint.  A true

13   and correct copy of Best Buy's Amended Answer is attached as **Exhibit C**.

14   Exhibits A through C constitute all of the process, pleadings, and orders served on

15   or filed by the named defendant in this action, as required by 28 U.S.C. § 1446(a).

16       The prerequisites for removal under 28 U.S.C. §§ 1441, 1446, and 1453 have

17   been met.

18       Best Buy has sought no similar relief.

19       Because this Court has original jurisdiction under the provisions of 28 U.S.C.

20   § 1332(d), removal of this action is proper pursuant to 28 U.S.C. §§ 1441, 1446,

21   and 1453.

22       If any questions arise as to the propriety of the removal of this action, then

23   Best Buy respectfully requests the opportunity to present a brief and oral argument

24   in support of its position that this case is removable.

25   **V.   CONCLUSION**

26       Based on the foregoing, Best Buy respectfully requests that this action be

27   removed from the Superior Court of California in and for the County of Los

28   Angeles to the United States District Court for the Central District of California,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23467828.5

15          DEFENDANT'S NOTICE OF REMOVAL

1    and that all further proceedings in this matter take place in the United States District

2    Court for the Central District of California.

3    Dated:  September 11, 2012           MORGAN, LEWIS & BOCKIUS LLP

4

5                                    By

6                                       S. Sean Kundu

7                                       Attorneys for Defendant
                                         BEST BUY AMERICAS
                                         CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



COPY

1  R. Rex Parris (SBN 96567)
   Alexander R. Wheeler (SBN 239541)
2  Kitty Szeto (SBN 258136)
   Douglas Han (SBN 232858)
3  **R. REX PARRIS LAW FIRM**
   42220 10th Street West, Suite 109
4  Lancaster, California 93534
   Telephone:  (661) 949-2595
5  Facsimile:  (661) 949-7524

6

*Attorneys for* Plaintiff

7

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAR 2 3 2012

John A. Clarke, Executive Officer/Clerk
By: Moses Soto, Deputy

8  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  ## FOR THE COUNTY OF LOS ANGELES

10  TIM CAMPBELL, individually, and on
    behalf of members of the general public
11  similarly situated;

12             Plaintiff,

13      vs.

14
    BEST BUY STORES, L.P., a Virginia
15  Limited Partnership; and Does 1 through
    100, inclusive.
16
               Defendants.
17

Case No.  **BC481470**

**CLASS ACTION COMPLAINT**

(1)  Violation of California Labor
     Code §§ 510, 1194, and 1198
(2)  Violation of California Labor
     Code §§ 201 and 202
(3)  Violation of California Labor
     Code § 226(a); and
(4)  Violation of California Business
     & Professions Code § 17200

**DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

COME NOW, Plaintiff Tim Campbell individually and on behalf of other members of the general public similarly situated allege as follows:

1.     This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The total amount in controversy for each class representative, including claims for compensatory damages, interest, and pro rata share of attorneys' fees and penalties is less than $75,000. The total amount in controversy as a result of this action including claims for compensatory damages, interest, penalties, and attorneys' fees is less than $5,000,000.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## PARTIES

5.     Plaintiff Tim Campbell ("Plaintiff") is an individual residing in the State of California.

////

////

1

6.    Defendant Best Buy Stores, L.P. is a partnership organized and existing under the laws of the State of Virginia, and transacts business throughout the State of California, including the County of Los Angeles.

7.    Defendant Best Buy Stores, L.P. owns and operates approximately one hundred and eighteen (118) Best Buy stores in the State of California, including multiple branches in the County of Los Angeles.

8.    At all relevant times, Best Buy Stores, L.P. was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

9.    At all times herein relevant, Best Buy Stores, L.P. and Does 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants Does 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a Doe is legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to Plaintiff alleged in this complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.    Best Buy Stores, L.P. and Does 1 through 100 will hereinafter collectively be referred to as "Defendants".

////

////

2

## FACTUAL ALLEGATIONS

12.    Defendants employed Plaintiff as a "Field Technician" or "Home Appliance Installer" from May 2007 to May 23, 2011 in the State of California.

13.    Best Buy Stores, L.P. had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff and the other class members; and, to supervise their daily employment activities.

14.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

15.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for all work performed, including minimum wage and overtime compensation.

16.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for all work performed, including for overtime compensation.

17.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were working over 8 hours per day and/or 40 hours per week, and entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

18.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide the Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and/or applicable Labor Codes, thus are entitled to any and all applicable penalties.

////
////
////

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

19.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed.

20.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

21.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation.

22.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law.

23.   At all material times set forth herein, Defendants failed to compensate Plaintiff and the other class members for all hours worked at least at a minimum wage.

24.   At all material times set forth herein, Defendants failed to fully comply with the relevant provision of the Labor Code and the IWC orders to pay overtime wages to Plaintiff and the other class members.

25.   At all material times set forth herein, Defendants failed fully comply with the relevant provision of the Labor Code and the IWC orders to provide uninterrupted meal and rest periods to Plaintiff and the other class members.

26.   At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other class members.

27.   At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

4

**CLASS ACTION ALLEGATIONS**

28.     Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and thus, seeks class certification under Code of Civil Procedure § 382.

29.     The proposed class is defined as follows:

> All current and former "Field Technicians," or "Home Appliance
> Installers" or persons with similar titles and/or similar job duties, who
> worked for Best Buy Stores, L.P. in the State of California at any time
> from March 22, 2008 to final judgment.

30.     Plaintiff reserves the right to establish subclasses as appropriate.

31.     The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.     The class members are so numerous that joinder of all class
> members is impracticable.  The membership of the entire class is
> unknown to Plaintiff at this time; however, the class is estimated to
> be greater than one hundred (100) individuals and the identity of
> such membership is readily ascertainable by inspection of
> Defendants' employment records.
>
> b.     Plaintiff's claims are typical of all other class members' as
> demonstrated herein.  Plaintiff will fairly and adequately protect
> the interests of the other class members with whom they have a
> well defined community of interest.
>
> c.     Plaintiff will fairly and adequately protect the interests of each
> class member, with whom they have a well-defined community of
> interest and typicality of claims, as demonstrated herein.  Plaintiff
> has no interest that is antagonistic to the other class members.
> Plaintiff's attorneys', the proposed class counsel, are versed in the
> rules governing class action discovery, certification, and

5

settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.      Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

32.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exists as to the members of the class:

a.      Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day, and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

b.      Whether Plaintiff and the other class members did not receive wages for all time worked;

c.      Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

////

////

6

d.   Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

e.   Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

f.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, Section 226;

g.   Whether Defendants' conduct was willful or reckless;

h.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

i.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

j.   Whether Plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code.

### FIRST CAUSE OF ACTION
**(Violation of California Labor Code §§ 510, 1194, and 1198)**
**(Against BEST BUY STORES, L.P. and DOES 1 through 100)**

33.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32, and each and every part thereof with the same force and effect as though fully set forth herein.

34.   Pursuant to California Labor Code § 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

7

35.     Pursuant to California Labor Code § 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

36.     Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

37.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

38.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

39.     Pursuant to California Labor Code section 510, Plaintiff is entitled to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

////

8

40.   During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day.

41.   During the relevant time period, Plaintiff and the other class members worked in excess of forty (40) hours in a week.

42.   During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

43.   Defendants' failure to pay Plaintiff and the other class members overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

44.   Pursuant to California Labor Code section 1194(a), notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

45.   Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Violation of California Labor Code §§ 201 and 202)**
**(Against BEST BUY STORES, L.P. and DOES 1 through 100)**

46.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45, and each and every part thereof with the same force and effect as though fully set forth herein.

47.   Pursuant to California Labor Code sections 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

9

1    unless the employee has given seventy-two (72) hours notice of his or her intention to

2    quit, in which case the employee is entitled to his or her wages at the time of quitting.

3        48.    During the relevant time period, Defendants intentionally and willfully

4    failed to pay Plaintiff and the other class members their wages, earned and unpaid,

5    within seventy-two (72) hours of Plaintiff and the other class members leaving

6    Defendants' employ.

7        49.    Defendants' failure to pay Plaintiff and the other class members their

8    wages, earned and unpaid, within seventy-two (72) hours of them leaving Defendants'

9    employ, is in violation of California Labor Code sections 201 and 202.

10       50.    Pursuant to California Labor Code section 203, if an employer willfully

11   fails to pay, without abatement or reduction, in accordance with Sections 201 and 202,

12   any wages of an employee who is discharged or who quits, the wages of the employee

13   shall continue as a penalty from the due date thereof at the same rate until paid or until

14   an action is commenced; but the wages shall not continue for more than thirty (30)

15   days.

16       51.    Plaintiff and the other class members are entitled to recover the statutory

17   penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty

18   (30) days maximum pursuant to California Labor Code section 203.

19                          **THIRD CAUSE OF ACTION**

20              **(Violation of California Labor Code § 226(a))**

21       **(Against BEST BUY STORES, L.P. and DOES 1 through 100)**

22       52.    Plaintiff incorporates by reference the allegations contained in paragraphs

23   1 through 65, and each and every part thereof with the same force and effect as though

24   fully set forth herein.

25       53.    Pursuant to California Labor Code section 226(a), every employer shall

26   furnish each of his or her employees an accurate itemized statement in writing showing

27   (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

28   piece-rate units earned and any applicable piece rate if the employee is paid on a piece-

                                   10

1   rate basis, (4) all deductions, provided that all deductions made on written orders of the

2   employee may be aggregated and shown as one item, (5) net wages earned, (6) the

3   inclusive dates of the period for which the employee is paid, (7) the name of the

4   employee and his or her social security number, (8) the name and address of the legal

5   entity that is the employer, and (9) all applicable hourly rates in effect during the pay

6   period and the corresponding number of hours worked at each hourly rate by the

7   employee.  The deductions made from payments of wages shall be recorded in ink or

8   other indelible form, properly dated, showing the month, day, and year, and a copy of

9   the statement or a record of the deductions shall be kept on file by the employer for at

10   least three years at the place of employment or at a central location within the State of

11   California.

12        54.    Defendants intentionally and willfully failed to provide Plaintiff and the

13   other class members with complete and accurate wage statements.  The deficiencies

14   included one or more of the following: the failure to include the total number of hours

15   worked by Plaintiff and the other class members, the failure to include the hourly rate,

16   and the failure to provide social security number.

17        55.    As a result of Defendants' violation of California Labor Code section

18   226(a), Plaintiff and the other class members have suffered injury and damage to their

19   statutorily-protected rights.

20        56.    More specifically, Plaintiff and the other class members have been injured

21   by Defendants' intentional and willful violation of California Labor Code section

22   226(a) because they were denied both their legal right to receive, and their protected

23   interest in receiving, accurate and itemized wage statements pursuant to California

24   Labor Code section 226(a).

25   ////

26   ////

27   ////

28   ////

11

**FOURTH CAUSE OF ACTION**
(Violation of California Business & Professions Code § 17200 et seq.)
(Against BEST BUY STORES, L.P. and DOES 1 through 100)

57.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58.     Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors.  Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

59.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

60.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work off-the-clock without compensating at least minimum wage and to work overtime without paying them proper compensation violate California Labor Code sections 510, 1194, and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201 and 202.

/ / / /

/ / / /

/ / / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Failure to Pay Overtime and Minimum Wage**

61.   Defendants' failure to pay minimum wage for all hours worked and overtime in violation of California Labor Code sections 510, 1194, and 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failing to Provide Meal Periods**

62.   Defendants' failure to provide legally required meal periods in violation of the applicable Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Provide Rest Periods**

63.   Defendants' failure to provide legally required rest periods in violation of the applicable Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Timely Pay Wages Upon Termination**

64.   Defendants' failure to timely pay wages upon termination in accordance with California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Provide Compliant Wage Statements**

65.   Defendants' failure to provide compliant wage statements in accordance with California Labor Code section 226(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

66.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

67.   Plaintiff and the other class members have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

13

1        68.    Pursuant to California Business & Professions Code section 17200, et

2    seq., Plaintiff and the other class members are entitled to restitution of the wages and

3    other monies wrongfully withheld and retained by Defendants pursuant to California

4    Labor Code sections 510, 1194 and 1198.

5        69.    Pursuant to California Business & Professions Code section 17200, et

6    seq., Plaintiff and the other class members are entitled to restitution of the wages

7    withheld and retained by Defendants during a period that commences on March 22,

8    2008; an award of attorneys' fees pursuant to California Code of Civil Procedure

9    section 1021.5 and other applicable laws; and an award of costs.

10   **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff, individually and on behalf of all other members of the

12   general public similarly situated pray for relief and judgment against Defendants,

13   jointly and severally, as follows:

14   <u>Class Certification</u>

15   1.    That this action be certified as a class action;

16   2.    That Plaintiff be appointed as the representative of the Class; and

17   3.    That counsel for Plaintiff is appointed as Class Counsel.

18   <u>As to the First Cause of Action</u>

19   4.    For general unpaid wages at minimum wage and overtime wage rates and

20   such general and special damages as may be appropriate;

21   5.    For pre-judgment interest on any unpaid overtime compensation

22   commencing from the date such amounts were due; and

23   6.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

24   California Labor Code section 1194.

25   <u>As to the Second Cause of Action</u>

26   7.    For actual, consequential and incidental losses and damages, according to

27   proof;

28   ////

14

8.      For statutory penalties pursuant to California Labor Code section 203 for Plaintiff; and

9.      For reasonable attorneys' fees and costs of suit incurred herein.

### As to the Third Cause of Action

10.     For actual, consequential and incidental losses and damages, according to proof;

11.     For statutory penalties pursuant to California Labor Code section 226(e);

12.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

13.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 226(e).

### As to the Fourth Cause of Action

14.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay for all missed meal and rest periods to Plaintiff and the other class members, failing to pay all minimum wages due to Plaintiff and the other class members, failing to pay Plaintiff's and other class members' wages timely as required by California Labor Code sections 201, and 202, failing to provide Plaintiff and other class members with complete and accurate wage statements and failing to keep complete and accurate payroll records.

15.     For all actual, consequential, and incidental losses and damages, according to proof;

16.     For restitution of unpaid wages and other monies wrongfully withheld and retained by Defendants to Plaintiff and the other class members and prejudgment interest from the day such amount were due and payable;

////

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

17.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully withheld acquired by Defendants as a result of violations of California Business & Professions Code section 17200, et seq.

18.     For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff and the other class members are entitled to recover under California Code of Civil Procedure section 1021.5; and

19.     For such other and further relief as the Court may deem just and proper.

<u>As to the All Causes of Action</u>

20.     For each cause of action, the total amount of damages, penalties, interest, and pro rata share of attorneys fees including monetary value of "further relief as the Court may deem just and proper" for the class representative is less than $75,000 and the total amount of damages, penalties, interest, attorneys fees and any monetary value of "further relief as the Court may deem just and proper" from this action is less than $5,000,000.

Dated: March 23, 2012                 **R. REX PARRIS LAW FIRM**

By:  _D. Han_
     _____
     Douglas Han
     *Attorneys for* Plaintiff

16

1

### DEMAND FOR JURY TRIAL

2       Plaintiff, individually and on behalf of other members of the general public

3   similarly situated hereby demand a trial by a jury.

4

5   Dated:  March 23, 2012              **R. REX PARRIS LAW FIRM**

6

7

8   By: _____

9             Douglas Han

          *Attorneys for* Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT B

COPY

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER, State Bar No. 167223
MARIA O. GUTIERREZ, State Bar No. 209995
S. SEAN KUNDU, State Bar No. 252410
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendant
BEST BUY STORES, L.P.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 02 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

TIM CAMPBELL, individually, and on
behalf of members of the general public
similarly situated,

               Plaintiff,

       vs.

BEST BUY STORES, L.P., a Virginia
Limited Partnership; and Does 1 through
100, inclusive,

           Defendants.

Case No. BC481490

Assigned For All Purposes To:
Hon. Amy D. Hogue
Dept. 34

**DEFENDANT BEST BUY STORES, L.P.'S
ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT**

Complaint Filed:  March 23, 2012
Trial Date:       None Set

     Defendant Best Buy Stores, L.P. ("Defendant"), by and through its undersigned counsel, hereby answers the allegations contained in the unverified Class Action Complaint ("Complaint") brought by Plaintiff Tim Campbell ("Plaintiff"), on behalf of himself and others similarly situated, as follows:

## GENERAL DENIAL

     Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every material allegation set forth in the Complaint. Defendant specifically denies that it is in any way liable to Plaintiff, or any putative member of the putative class, or that Plaintiff, or any member of the putative class, has been damaged in any sum or sums.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

DB2/ 23141583.1

## DEFENSES

Defendant also asserts the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them:

### FIRST DEFENSE

### (Failure to State a Cause of Action)

1.   The Complaint, and each alleged cause of action alleged therein, fails to state facts sufficient to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

### (Statutes of Limitations)

2.   The alleged claims are barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, and 343, California Labor Code Section 203, and California Business and Professions Code Section 17208.

### THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.   Plaintiff's claims and of each putative class member he purports to represent are barred to the extent that he failed to exhaust his and/or their administrative remedies.

### FOURTH DEFENSE

### (Action Unconstitutional)

4.   Prosecution of a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right to due process under the provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

2

DB2/ 23141583.1

## FIFTH DEFENSE

### (Adequate Remedy at Law)

5.      The relief requested by Plaintiff and the proposed class members pursuant to California Business and Professions Code Section 17200 should be denied because Plaintiff and the proposed class members have an adequate remedy at law.

## SIXTH DEFENSE

### (No Ascertainable Class)

6.      The putative class that Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the putative class members.

## SEVENTH DEFENSE

### (Individual Questions Predominate)

7.      The types of claims alleged by the named Plaintiff on behalf of herself and the putative class, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

## EIGHTH DEFENSE

### (Claims Not Common or Typical)

8.      The claims alleged by the named Plaintiff are neither common to nor typical of those, if any, of the alleged class Plaintiff purports to represent, the existence of which is expressly denied.

## NINTH DEFENSE

### (Inadequate Class Representative)

9.      The alleged claims are barred, in whole or in part, as a class action because Plaintiff does not meet the requirements for a class representative and is not an adequate representative of the putative class.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

3

DB2/ 23141583.1

1

### TENTH DEFENSE

2

### (Class Action Not Superior Method of Adjudication)

3      10.     The alleged claims are barred, in whole or in part, as a class action because a class

4    action is not the superior method for adjudicating this dispute.

5

### ELEVENTH DEFENSE

6

### (No Compensable Work)

7      11.     Plaintiff's claims or those of any of the putative class members, and the claims are

8    barred to the extent that some or all of certain hours and minutes claimed by Plaintiff and/or the

9    putative class members are not "hours worked" within the meaning of any Wage Order of the

10   California Industrial Welfare Commission and/or any applicable California law, so that minimum

11   wages and/or overtime compensation need not be paid for those minutes or hours.

12

### TWELFTH DEFENSE

13

### (Conduct Reasonable and In Good Faith/Not Willful)

14     12.     If Defendant is found to have failed to pay Plaintiff or any putative class member

15   any amount due, which allegations Defendant denies, then Defendant acted, at all relevant times,

16   on the basis of a good faith and reasonable belief that it had complied fully with California wage

17   and hour laws.  Consequently, Defendant's conduct was not willful within the meaning of the

18   California Labor Code.

19

### THIRTEENTH DEFENSE

20

### (Waiting Time Penalties)

21     13.     The Complaint fails to state a claim for waiting time penalties under California

22   Labor Code Section 203 in that some members of the putative class did not resign or were not

23   discharged prior to the filing of this action and/or to the extent that no such penalties can continue

24   after the commencement of an action for the penalties.

25

### FOURTEENTH DEFENSE

26

### (Good Faith Dispute about Wages Owed)

27     14.     Plaintiff's claims, and the claims of each putative class member, are barred to the

28   extent that Defendant had a good faith and reasonable belief that Plaintiff and/or the putative class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1                                              4

DB2/ 23141583.1

1    members were not owed any additional wages and/or compensation.  Defendant, therefore, did

2    not engage in the requisite willful or intentional conduct for "waiting time" penalties required

3    pursuant to California Labor Code Sections 203 and/or 1174.5.

4                                    **FIFTEENTH DEFENSE**

5                                        **(De Minimis)**

6             15.    The Complaint, and each purported cause of action contained therein, is barred in

7    whole or in part by the de minimis doctrine.

8                                    **SIXTEENTH DEFENSE**

9                          **(Due Process/Excessive Fine)**

10           16.    An award of penalties against Defendant would be an unconstitutional denial of

11   Defendant's right to due process and/or equal protection under the Fifth and Fourteenth

12   Amendments of the United States Constitution, the Excessive Fines Clause under the Eighth

13   Amendment of the United States Constitution, Articles I and IV of the California Constitution,

14   and other provisions of the United States and California Constitutions.

15                                  **SEVENTEENTH DEFENSE**

16            **(Unjust, Arbitrary, and Oppressive, or Confiscatory, Penalties)**

17           17.    Plaintiff or any of the putative class members are not entitled to recover any

18   waiting time penalties because, under the circumstances of this case, any such recovery would be

19   unjust, arbitrary, and oppressive, or confiscatory.

20                                   **EIGHTEENTH DEFENSE**

21                                   **(Failure to Mitigate)**

22           18.    Plaintiff's monetary claims, and the claims of the putative members of the putative

23   class, are barred, in whole or in part, because they have not appropriately or adequately mitigated

24   their damages, if any.

25                                   **NINETEENTH DEFENSE**

26                                    **(Lack of Standing)**

27           19.    The claims of Plaintiff and the class they purport to represent are barred, in whole

28   or in part, because Plaintiff lacks standing under California Business and Professions Code

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1                                      5

1  Section 17204 and the California Labor Code to bring these claims, and, therefore, cannot

2  represent the interests of others as to each of the putative causes of action.

### TWENTIETH DEFENSE

### (Lack of Standing for Injunctive Relief)

5      20.    Plaintiff's Complaint, and each putative cause of action alleged therein, fails to the

6  extent Plaintiff seeks injunctive relief.  Given that Plaintiff is no longer performing any work for

7  Defendant, there is no ongoing conduct with respect to Plaintiff that can be subject to injunctive

8  relief.  As such, Plaintiff lacks standing to seek injunctive relief.

### TWENTY-FIRST DEFENSE

### (Setoff and Recoupment)

11     21.    If any damages have been sustained by Plaintiff and/or any member of the putative

12  class he purports to represent, although such is specifically denied, Defendant is entitled under the

13  equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations of

14  Plaintiff or putative class members owed to Defendant against any judgment that may be entered

15  against Defendant.

### TWENTY-SECOND DEFENSE

### (Unclean Hands)

18     22.    The claims of Plaintiff and some or all of the putative class members are barred, in

19  whole or in part, by the doctrine of unclean hands.

### TWENTY-THIRD DEFENSE

### (Estoppel)

22     23.    The claims of Plaintiff and some or all of the putative class members are barred, in

23  whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an

24  estoppel of the causes of action and any relief sought thereby.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1                                             6

DB2/ 23141583.1

EXHIBIT B - Page 42

1

**TWENTY-FOURTH DEFENSE**

2

**(Waiver)**

3    24.    Plaintiff and the putative class members have waived, discharged, and/or

4    abandoned the right by reason of their conduct and actions to assert the claims alleged in the

5    Complaint.

6

**TWENTY-FIFTH DEFENSE**

7

**(Release Through Prior Settlement and/or Severance Agreement)**

8    25.    To the extent that Plaintiff or any putative class member entered into any

9    individual settlement and/or severance agreement, or was covered by and did not opt out of the

10   terms of one or more prior class action settlement involving Defendant.

11

**RESERVATION OF RIGHTS**

12   26.    Defendant has not completed its investigation of the facts of this case, has not

13   completed discovery in this matter, and has not completed its preparation for trial. The defenses

14   asserted herein are based on Defendant's knowledge, information, and belief at this time, and

15   Defendant specifically reserves the right to modify, amend, or supplement any defense contained

16   herein at any time. In addition, Defendant presently has insufficient knowledge or information as

17   to whether it may have additional, yet unasserted, defenses. Defendant therefore reserves the

18   right to assert such additional defenses that may appear and prove applicable during the course of

19   this litigation.

20   WHEREFORE, Defendant prays for judgment as follows:

21   1.    That the Court deny Plaintiff's request to certify this action as a class action;

22   2.    That Plaintiff takes nothing by reason of the Complaint on file herein and that the

23   Complaint be dismissed with prejudice;

24   3.    That judgment be entered in favor of Defendant and against Plaintiff on all causes

25   of action contained in the Complaint;

26   4.    That Defendant be awarded its costs of suit incurred herein;

27   5.    That Defendant be awarded its attorneys' fees incurred by this action; including

28   under, but not limited to, Section 218.5 of the Labor Code; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1                                    7

DB2/ 23141583.1

EXHIBIT B - Page 43

1    6.    That the Court award Defendant such other and further relief as it deems just and

2  proper.

3

4  Dated: May 2, 2012                          MORGAN, LEWIS & BOCKIUS LLP
                                               BARBARA J. MILLER
5                                              MARIA O. GUTIERREZ
                                               S. SEAN KUNDU
6

7                                              By _____

8                                                 S. Sean Kundu
                                                  Attorneys for Defendant
9                                                 BEST BUY STORES, L.P.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1                                      8

DB2/ 23141583.1

EXHIBIT B - Page 44

## **PROOF OF SERVICE**

*Campbell v. Best Buy Stores*
*LASC Case No. BC481470*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On May 2, 2012, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT BEST BUY STORES, L.P.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

[  ] **BY FAX: (C.C.P. § 1013(a),(e); CRC 2008)** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[  ] **BY MAIL: (C.C.P. § 1013(a))** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[  ] **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[  ] **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 11, 2008. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23147752.1

PROOF OF SERVICE

| | |
|---|---|
| R. REX PARRIS LAW FIRM<br>R. Rex Parris, Esq.<br>Alexander R. Wheeler, Esq.<br>Douglas Han, Esq.<br>42220 10th Street West, Suite 109<br>Lancaster, CA 93534<br>Phone:661.949.2595<br>Fax:    661.949.7524 | *Attorneys for Plaintiff TIM CAMPBELL* |

[ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on May 2, 2012, at Irvine, California.

*Patricia Martin*
Patricia Martin

# EXHIBIT C

EXHIBIT C - Page 47



1   MORGAN, LEWIS & BOCKIUS LLP
     BARBARA J. MILLER, State Bar No. 167223
2   MARIA O. GUTIERREZ, State Bar No. 209995
     S. SEAN KUNDU, State Bar No. 252410
3   5 Park·Plaza, Suite 1750
     Irvine, CA  92614
4   Tel:  949.399.7000
     Fax:  949.399.7001

5

6   Attorneys for Defendant
     BEST BUY STORES, L.P.

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 01 2012

John A. Clarke, Executive Officer/Clerk
BY ____ Deputy
Shaunya Wealey

BY FAX

7

8      SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES

10

11  TIM CAMPBELL, individually, and on
     behalf of members of the general public
12  similarly situated,

13           Plaintiff,

14         vs.

15  BEST BUY STORES, L.P., a Virginia
     Limited Partnership; and Does 1 through
16  100, inclusive,

17         Defendants.

Case No. BC481470

Assigned For All Purposes To:
Hon. Amy D. Hogue
Dept. 34

**DEFENDANT BEST BUY STORES, L.P.'S
AMENDED ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT**

Complaint Filed:  March 23, 2012
Trial Date:      None Set

18

19

20

21

22

23

24

25

26

27

28

COPY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/23222841.1

EXHIBIT C - Page 48

1    Defendant Best Buy Stores, L.P. ("Defendant"), by and through its undersigned counsel,

2    hereby answers the allegations contained in the unverified Class Action Complaint ("Complaint")

3    brought by Plaintiff Tim Campbell ("Plaintiff"), on behalf of himself and others similarly

4    situated, as follows:

## GENERAL DENIAL

6    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

7    denies each and every material allegation set forth in the Complaint.  Defendant specifically

8    denies that it is in any way liable to Plaintiff, or any putative member of the putative class, or that

9    Plaintiff, or any member of the putative class, has been damaged in any sum or sums, or at all, by

10    reason of any act or omission on the part of Defendant, or any of its past or present agents,

11    representatives, or employees acting the course and scope of their employment.

## DEFENSES

13    Defendant also asserts the following defenses, without admitting any obligations

14    regarding who bears the burden of proof or persuasion as to any one of them:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

17    1.    The Complaint, and each alleged cause of action alleged therein, fails to state facts

18    sufficient to state a claim upon which relief can be granted against Defendant.

## SECOND DEFENSE

### (Statutes of Limitations)

21    2.    The alleged claims are barred, in whole or in part, by the applicable statute(s) of

22    limitations, including, but not limited to, California Code of Civil Procedure Sections 337(1),

23    338(a), 339(1), 340(a), 340(b) and 343, California Labor Code Section 203, and California

24    Business and Professions Code Section 17208.

## THIRD DEFENSE

### (Action Unconstitutional)

27    3.    Prosecution of a class action and certification of the alleged class as representative

28    of the general public under California Business and Professions Code Section 17200, based upon

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

2

DB2/ 23222841.1

EXHIBIT C - Page 49

1   the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right

2   to due process under the provisions of the United States and California Constitutions, including,

3   but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United

4   States Constitution.   Under the facts and circumstances of this case, Defendant would be

5   deprived of the opportunity to present the individual claims, defenses, and evidence applicable to

6   Plaintiff and the individual putative class members if this matter were prosecuted on a class or

7   representative basis.

8   **FOURTH DEFENSE**

9   **(Lack of Irreparable Injury and Adequate Remedy at Law)**

10       4.     The relief requested by Plaintiff and the proposed class members pursuant to

11  California Business and Professions Code Section 17200 should be denied because Plaintiff and

12  the proposed class members will not suffer any irreparable injury if the equitable relief is denied

13  and/or because they have an adequate and complete remedy at law.

14   **FIFTH DEFENSE**

15   **(No Ascertainable Class)**

16       5.     The putative class that Plaintiff purports to represent, the existence of which is

17  expressly denied, is not ascertainable and, thus, no well-defined community of interest exists

18  among the putative class members.  In particular, a class including "persons with similar titles

19  and/or similar job duties" as alleged in paragraph 29 of the complaint is not ascertainable.

20   **SIXTH DEFENSE**

21   **(Not Appropriate for Class Treatment)**

22       6.     The Complaint, and each purported cause of action contained therein, is not proper

23  for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate

24  representative of the putative class; (b) Plaintiff cannot establish commonality of claims; (c)

25  Plaintiff cannot establish typicality of claims; and (d) the individualized  nature of Plaintiff's

26  claims predominate and thus makes class treatment improper.  The types of claims alleged by the

27  named Plaintiff on behalf of himself and the putative class, the existence of which is expressly

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

DB2/ 23222841.1

EXHIBIT C - Page 50

1    denied, are matters in which individual questions predominate and, accordingly, are not

2    appropriate for class treatment.

### SEVENTH DEFENSE

### (Inadequate Class Representative)

5        7.      The alleged claims are barred, in whole or in part, as a class action because

6    Plaintiff does not meet the requirements for a class representative, does not have claims typical of

7    the alleged putative class of "field technicians," "home appliance installers," and/or "persons with

8    similar titles and/or similar job duties," individual issues predominate in Plaintiff's claims under

9    Labor Code §§ 201, 202, 226(a), 510, 1194, and 1198 and California Business & Professions

10   Code § 17200, and Plaintiff is not an adequate representative of the putative class.

### EIGHTH DEFENSE

### (Class Action Not Superior Method of Adjudication)

13       8.      The alleged claims are barred, in whole or in part, as a class action because a class

14   action is not the superior method for adjudicating this dispute.

### NINTH DEFENSE

### (No Compensable Work)

17       9.      Plaintiff's claims or those of any of the putative class members, and the claims are

18   barred to the extent that some or all of certain hours and minutes claimed by Plaintiff and/or the

19   putative class members are not "hours worked" within the meaning of any Wage Order of the

20   California Industrial Welfare Commission and/or any applicable California law, so that minimum

21   wages and/or overtime compensation need not be paid for those minutes or hours.

### TENTH DEFENSE

### (Conduct Reasonable and In Good Faith/Not Willful)

24       10.     If Defendant is found to have failed to pay Plaintiff or any putative class member

25   any amount due, which allegations Defendant denies, then Defendant acted, at all relevant times,

26   on the basis of a good faith and reasonable belief that it had complied fully with California wage

27   and hour laws.  Consequently, Defendant's conduct was not willful within the meaning of the

28   California Labor Code.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

4

DB2/ 23222841.1

EXHIBIT C - Page 51

**ELEVENTH DEFENSE**

**(Waiting Time Penalties)**

11.     The Complaint fails to state a claim for waiting time penalties under California Labor Code Section 203 in that some members of the putative class did not resign or were not discharged prior to the filing of this action and/or to the extent that no such penalties can continue after the commencement of an action for the penalties.

**TWELFTH DEFENSE**

**(Good Faith Dispute about Wages Owed)**

12.     Plaintiff's claims, and the claims of each putative class member, are barred to the extent that Defendant had a good faith and reasonable belief that Plaintiff and/or the putative class members were not owed any additional wages and/or compensation.  Defendant, therefore, did not engage in the requisite willful or intentional conduct for "waiting time" penalties required pursuant to California Labor Code Sections 203 and/or 1174.5.

**THIRTEENTH DEFENSE**

**(De Minimis)**

13.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the de minimis doctrine.  In particular, although expressly denied, if Plaintiff or any putative class member had any uncompensated "hours worked," any such uncompensated time was de minimis.

**FOURTEENTH DEFENSE**

**(Due Process/Excessive Fine)**

14.     Although Defendant denies that it has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent that any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.  In particular, an award of penalties against Defendant would be an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments of the United States Constitution, the Excessive Fines Clause under the Eighth

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

5

DB2/ 23222841.1

EXHIBIT C - Page 52

1  Amendment of the United States Constitution, Articles I and IV of the California Constitution,

2  and other provisions of the United States and California Constitutions.

### FIFTEENTH DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory, Penalties)

5      15.    Plaintiff or any of the putative class members are not entitled to recover any

6  waiting time penalties because, under the circumstances of this case, any such recovery would be

7  unjust, arbitrary, and oppressive, or confiscatory.

### SIXTEENTH DEFENSE

### (Failure to Mitigate)

10      16.    Plaintiff's monetary claims, and the claims of the putative members of the putative

11  class, are barred, in whole or in part, because they have not appropriately or adequately mitigated

12  their damages, if any.  Defendant is aware of no actions taken by Plaintiff to mitigate his

13  monetary claims.

### SEVENTEENTH DEFENSE

### (Lack of Standing)

16      17.    The claims of Plaintiff and the class they purport to represent are barred, in whole

17  or in part, because Plaintiff lacks standing under California Business and Professions Code

18  Section 17204 and the California Labor Code to bring these claims, and, therefore, cannot

19  represent the interests of others as to each of the putative causes of action.

### EIGHTEENTH DEFENSE

### (Lack of Standing for Injunctive Relief)

22      18.    Plaintiff's Complaint, and each putative cause of action alleged therein, fails to the

23  extent Plaintiff seeks injunctive relief.  Given that Plaintiff is no longer performing any work for

24  Defendant, there is no ongoing conduct with respect to Plaintiff that can be subject to injunctive

25  relief.  As such, Plaintiff lacks standing to seek injunctive relief.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

6

DB2/ 23222841.1

EXHIBIT C - Page 53

## NINETEENTH DEFENSE

### (Setoff and Recoupment)

19.     If any damages have been sustained by Plaintiff and/or any member of the putative class he purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations of Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

## TWENTIETH DEFENSE

### (Unclean Hands)

20.     The claims of Plaintiff and some or all of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.   During his employment, Plaintiff never informed Defendant that he believed that he was performing uncompensated work.

## TWENTY-FIRST DEFENSE

### (Estoppel)

21.     The claims of Plaintiff and some or all of the putative class members are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.  During his employment, Plaintiff never informed Defendant that he believed that he was performing uncompensated work.

## TWENTY-SECOND DEFENSE

### (Waiver)

22.     Plaintiff and the putative class members have waived, discharged, and/or abandoned the right by reason of their conduct and actions to assert the claims alleged in the Complaint.  During his employment, Plaintiff never informed Defendant that he believed that he was performing uncompensated work.

## TWENTY-THIRD DEFENSE

### (Release Through Prior Settlement and/or Severance Agreement)

23.     To the extent that Plaintiff or any putative class member entered into any individual settlement and/or severance agreement, or was covered by and did not opt out of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

7

DB2/ 23222841.1

EXHIBIT C - Page 54

1    terms of one or more prior class action settlement involving Defendant.  Some members of the

2    putative class may have signed release agreements.

3                        **RESERVATION OF RIGHTS**

4          24.    Defendant has not completed its investigation of the facts of this case, has not

5    completed discovery in this matter, and has not completed its preparation for trial.  The defenses

6    asserted herein are based on Defendant's knowledge, information, and belief at this time, and

7    Defendant specifically reserves the right to modify, amend, or supplement any defense contained

8    herein at any time.  In addition, Defendant presently has insufficient knowledge or information as

9    to whether it may have additional, yet unasserted, defenses.  Defendant therefore reserves the

10   right to assert such additional defenses that may appear and prove applicable during the course of

11   this litigation.

12          WHEREFORE, Defendant prays for judgment as follows:

13          1.     That the Court deny Plaintiff's request to certify this action as a class action;

14          2.     That Plaintiff takes nothing by reason of the Complaint on file herein and that the

15   Complaint be dismissed with prejudice;

16          3.     That judgment be entered in favor of Defendant and against Plaintiff on all causes

17   of action contained in the Complaint;

18          4.     That Defendant be awarded its costs of suit incurred herein;

19          5.     That Defendant be awarded its attorneys' fees incurred by this action; including

20   under, but not limited to, Section 218.5 of the Labor Code; and

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

8

DB2/ 23222841.1

EXHIBIT C - Page 55

6. That the Court award Defendant such other and further relief as it deems just and proper.

Dated: June 1, 2012

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER
MARIA O. GUTIERREZ
S. SEAN KUNDU

By

Maria O. Gutierrez
Attorneys for Defendant
BEST BUY STORES, L.P.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

9

DB2/ 23222841.1

EXHIBIT C - Page 56

## PROOF OF SERVICE

*Tim Campbell v. Best Buy Stores, L.P.*
*Los Angeles Superior Court Case No. BC481470*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On June 1, 2012, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

[  ]     **BY FAX:** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[  ]     **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ XX ]   **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[  ]     **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by Legal Solution Attorney Services LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[  ]     **BY ELECTRONIC SERVICE:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on June 1, 2012. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is mcalvert@morganlewis.com.

[  ]     **BY E-FILE**: I electronically transmitted the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

10

DB2/ 23222841.1

EXHIBIT C - Page 57

| | Attorneys for Plaintiff |
|---|---|
| R. Rex Parris, Esq.<br>Alexander R. Wheeler, Esq.<br>Kitty Szeto, Esq.<br>Douglas Han, Esq.<br>R. REX PARRIS LAW FIRM<br>43364 10th Street West<br>Lancaster, CA 93534<br>Telephone: 661.949.2595<br>Facsimile: 661.949.7524<br>rrparris@rrexparris.com<br>dhan@rrexparris.com | |

[ X ]   **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[   ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on June 1, 2012, at Irvine, California.

Maureen E. Calvert

FedEx Ship Manager - Print Your Label(s)                                                    Page 1 of 1

From: (949) 399-7000                Origin ID: DTHA            FedEx          Ship Date: 01JUN12
Maureen Calvert                                               Express         ActWgt: 1.0 LB
Morgan Lewis & Bockius LLP                                                    CAD: 2220740/INET3250
5 Park Plaza, Suite 1750

Irvine, CA 92614                                                E             Delivery Address Bar Code

                                                          J121011121920225

SHIP TO: (661) 949-2595                   BILL SENDER                Ref #    72226-063134-0098-mog
Douglas Han, Esq.                                              Invoice #
R. Rex Parris Law Firm                                        PO #
43364 10TH ST W                                               Dept #

LANCASTER, CA 93534

                                                                                    MON - 04 JUN  A4
                                                                                    PRIORITY OVERNIGHT

                                                       TRK#
                                                       0201    7936 3332 7396              93534
                                                                                          CA-US

                                                       WZ WJFA                             BUR



512G361A4/K278

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could
result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be
responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless
you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service
Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees,
costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value.
Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable
instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

## PROOF OF SERVICE

*Tim Campbell v. Best Buy Stores, L.P.*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California  92614.

On September 11, 2012, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT BEST BUY STORES, L.P.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

[  ]   **BY FAX:**  by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[  ]   **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **BY OVERNIGHT MAIL:  By FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[  ]   **BY PERSONAL SERVICE:**  I delivered to an authorized courier or driver authorized by Legal Solution Attorney Services LLC to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be filed with the court upon request.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23097934.1

PROOF OF SERVICE

[ ]   **BY ELECTRONIC SERVICE**:  the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on September 11, 2012.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is chachiya@morganlewis.com.

[ ]   **BY E-FILE**:  I electronically transmitted the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

|  | *Attorneys for Plaintiff* |
|---|---|
| R. Rex Parris, Esq.<br>Alexander R. Wheeler, Esq.<br>Kitty Szeto, Esq.<br>Douglas Han, Esq.<br>R. REX PARRIS LAW FIRM<br>43364 10th Street West<br>Lancaster, CA  93534<br>Telephone:  661.949.2595<br>Facsimile:  661.949.7524<br>rrparris@rrexparris.com<br>dhan@rrexparris.com |  |

[ ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on September 11, 2012, at Irvine, California.

_____
Cindy Y. Hachiya

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-2-

DB2/ 23097934.1

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 7794 JAK (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

TIM CAMPBELL

**DEFENDANTS**

BEST BUY STORES, L.P.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

R. Rex Parris/Alexander R. Wheeler/Kitty Szeto/Douglas Han
R. REX PARRIS LAW FIRM
43364 10th St. West, Lancaster, CA 93534; Tel: 661.949.2595

**Attorneys** (If Known)

Barbara J. Miller/Maria O. Gutierrez/S. Sean Kundu
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614; Tel: 949.399.7000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332(d), 1441, 1446, 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:  Case Number:** ___**CV12 - 07794 JAK (SHx)**___

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) · CIVIL COVER SHEET · Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   ☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   ☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   9/11/2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# PROOF OF SERVICE

*Tim Campbell v. Best Buy Stores, L.P.*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On September 11, 2012, I served on the interested parties in this action the within document(s) entitled:

## CIVIL COVER SHEET

[ ]   **BY FAX:** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ ]   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS,** following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]   **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by Legal Solution Attorney Services LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[ ]   **BY ELECTRONIC SERVICE:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on September 11, 2012. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is chachiya@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23097934.1

PROOF OF SERVICE

[  ]   **BY E-FILE**:  I electronically transmitted the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

|  | *Attorneys for Plaintiff* |
|---|---|
| R. Rex Parris, Esq.<br>Alexander R. Wheeler, Esq.<br>Kitty Szeto, Esq.<br>Douglas Han, Esq.<br>R. REX PARRIS LAW FIRM<br>43364 10th Street West<br>Lancaster, CA  93534<br>Telephone:  661.949.2595<br>Facsimile:  661.949.7524<br>rrparris@rrexparris.com<br>dhan@rrexparris.com |  |

[  ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on September 11, 2012, at Irvine, California.

_____
Cindy J. Hachiya

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-2-

DB2/ 23097934.1                    PROOF OF SERVICE