| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | BARBARA J. MILLER, State Bar No. 167223<br>barbara.miller@morganlewis.com |
| 3 | JENNIFER L. BRADFORD, State Bar No. 203871<br>jbradford@morganlewis.com |
| 4 | SARAH N. DRECHSLER, State Bar No. 223820<br>sdrechsler@morganlewis.com |
| 5 | 5 Park Plaza, Suite 1750<br>Irvine, CA  92614 |
| 6 | Tel:  949.399.7000/ Fax:  949.399.7001 |
| 7 | Attorneys for Defendant<br>BEST BUY STORES, L.P. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM CAMPBELL, individually, and on behalf of members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY STORES, L.P., a Virginia Limited Partnership; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  CV-12-07794 JAK (SH)<br><br>**DEFENDANT BEST BUY STORES, L.P.'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER**<br><br>Date:<br>Time:<br>Ctrm:    750 |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

DB2/ 24204920.1

# *EX PARTE APPLICATION*

Pursuant to Civil Local Rule 7-19, Defendant Best Buy Stores, LP ("Defendant" or "Best Buy") will, and hereby does, move on an *ex parte* basis for a protective order requiring Plaintiff Tim Campbell ("Plaintiff") to proceed with the depositions of nonparty witnesses under Federal Rule of Civil Procedure 45 in a manner that does not impose undue burden on these witnesses. More specifically, Defendant requests that the Court issue a protective order requiring Plaintiff's counsel to: (1) accommodate the preplanned vacations of these individuals; and (2) take the depositions within 30 miles of the putative class members' homes. Good cause exists because Plaintiff has subpoenaed these witnesses to attend depositions in remote locations and during pre-planned vacations and refused to accommodate any witness requests for adjustment of deposition date, time or location. Because these unduly burdensome depositions are set to begin on July 5 and Defendant only learned that Plaintiff intended to subpoena witnesses and not accommodate them on July 1, *ex parte* relief is warranted.

This *Ex Parte* Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Barbara J. Miller and exhibits attached thereto, the [Proposed] Order Granting Defendant's *Ex Parte* Application, the complete file and records in this action, and any other evidence and/or argument that may be presented to the Court.

Plaintiffs are represented by Kitty Szeto (ksetzo@rrexparris.com) and Alex Wheeler (awheeler@rrexparris.com) of R. Rex Parris Law Firm, 43364 10th Street West, Lancaster, California 93534, telephone number (661) 949-2595. Defendant timely provided notice to the foregoing counsel in accordance with Local Rule 7-19. Declaration of Barbara J. Miller ("Miller Decl.") at ¶¶ 21-24. Exhs. G, H. Plaintiffs responded that they oppose this *ex parte* application. *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

1

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

| | | |
|---|---|---|
| 1 | Dated: July 2, 2013 | MORGAN, LEWIS & BOCKIUS LLP |

By:     /s/ Barbara J. Miller
       Barbara J. Miller
       Attorneys for Defendant
       Best Buy Stores, L.P.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

2

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff wants to depose certain putative class members in preparation for his Reply in support of his Motion for Class Certification. Plaintiff, however, despite wanting to be appointed class counsel to represent these people, wants to force them to travel very long distances and cancel preplanned vacations to attend depositions. These travel and time requirements impose an undue burden under Federal Rule of Procedure 45 and are good cause for a protective order requiring Plaintiff's counsel to: (1) accommodate the preplanned vacations of these third-party deponents; and (2) take the depositions within 30 miles of the third-party deponents' homes.

Plaintiff filed a Motion for Class Certification on May 22, 2013, and in conjunction therewith, submitted declarations from putative class members. In scheduling depositions of those putative class members, Defendant accommodated Plaintiff's counsel's requests to take deposition in alternate locations and times and after hours. Indeed, even after a witness failed to appear for a mutually-agreed upon deposition, Defense counsel accommodated the witness's request to change travel plans in an extraordinarily inconvenient manner at the eleventh hour to accommodate this witness.

On June 26, 2013 Defendant filed its Opposition to the Motion for Class Certification and submitted declarations from other putative class members concurrently therewith. Defense counsel agreed to facilitate depositions of these individuals for Plaintiff's counsel but, of course, as counsel for Defendant in a putative class action, cannot represent putative class members and thus cannot accept service of process on behalf of those putative class members. Defendant diligently worked to contact witnesses immediately after receiving a proposed deposition schedule from Plaintiff's counsel. Defense counsel informed Plaintiff's counsel of witness availability and, where Defense counsel learned that witnesses

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

1

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

were not available at particular times and locations, proposed others that would work. Plaintiff's counsel ignored information about witness unavailability and inability to travel and refused to coordinate with Defense counsel on scheduling depositions at times convenient for the witnesses as stated punishment for Defense counsel not taking service of process for these putative class members. Plaintiff's counsel insist on witnesses attending depositions on the long July 4th weekend. Plaintiff's counsel contends that Rule 45 permits them to force a witness who lives more than 100 miles from their chosen deposition location to attend a deposition in that location because he signed his declaration less than 100 miles away. They also contend that the Rule permits them to force a downtown Los Angeles resident who does not own a car to commute to Lancaster on the afternoon of Friday, July 5 when he is supposed to be on vacation. To make matters worse, Plaintiff's counsel has tried to dissuade Defendant from bringing this mistreatment of third-party witnesses to the Court – the very same witnesses for whom they would like this Court to appoint them as counsel in the class certification motion – by claiming that Defendant does not have standing to raise these issues to the Court.

In fact, Defendant does have standing to request the Court issue a protective order that allows third-party witnesses on whose testimony Defendant's opposition papers rely to testify at deposition. It is in Defendant's interest that witnesses have a reasonable opportunity to appear at a deposition and give testimony.

Defendant respectfully requests that the Court issue such a protective order and, if necessary in order to rule on this request, to hold a hearing regarding this matter on July 3, 2013 on an *ex parte* basis. *Ex parte* relief is warranted because witnesses have been subpoenaed to appear as early as July 5, 2013 and Plaintiff's counsel only notified Defendant that they intended to insist upon this unduly burdensome deposition schedule yesterday, July 1, 2013.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

2

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

## II. STATEMENT OF RELEVANT FACTS

### A. Defendant Accommodates Plaintiff's Declarants and Plaintiff's Counsel in Scheduling the Depositions of Plaintiff's Declarants

On May 22, 2013, after 10:00 p.m., Plaintiff filed his Motion for Class Certification, in which he included supporting declarations from multiple employees of Best Buy. (Miller Decl. ¶ 3.) The following day, May 23, Defendant asked if Plaintiff's counsel would agree to accept service on behalf of Plaintiff's declarants, who are all putative class members that Plaintiff's counsel seeks to represent in this matter. Defendant emailed Plaintiff courtesy copies of the deposition subpoenas that Defendant intended to serve the following day if Plaintiff's counsel would not agree to accept service. *Id.* Notably, Defendant set the earliest deposition for 10 days from the date of service, providing a reasonable length of time for the declarants to make themselves available. *Id.*

Before agreeing to accept service, Plaintiff's counsel asked if Defense counsel would in turn agree to accept service of subpoenas for depositions of any declarants that Defendant relied on in its opposition. Defense counsel responded that they could not accept service on behalf of putative class members because Defendant cannot represent putative class members in a case against Defendant, but that they would agree to help facilitate service of the subpoenas if Plaintiff's counsel accepted service for Plaintiff's declarants. *Id.* ¶ 4, Exh. A 15-16.

Plaintiff's counsel agreed to accept service and immediately began providing dates and times for the depositions that were completely different than the dates and times for which Defendant had issued subpoenas and notices. *Id.* ¶ 5, Exh. A 14. Of the 12 individuals that Defendant sought to depose, only two depositions actually went forward on the days noticed by Defendant. *Id.* ¶ 5, Exh. A 2-13. Plaintiff's counsel never provided any availability for three of the individuals and for most of the others, responded with dates often a week or more apart from what was noticed. *Id.* ¶ 5. For instance, Defendant noticed George Tillis' deposition for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

3

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

June 6 and Plaintiff's counsel responded that Mr. Tillis was available to be deposed on May 30. Defendant noticed Steve Martinez's deposition for June 7 and Plaintiff's counsel stated that he was available to be deposed on June 17. *Id.* ¶ 5, Exh. A 5-6.

Despite the disadvantage of taking the depositions in some instances much earlier and in some instances much later than Best Buy wanted to, as well as inconvenient times and in inconvenient locations in some instances, Defense counsel worked to accommodate the dates, times, and locations proposed by Plaintiff's counsel. *Id.* ¶ 6. For example, Defendant noticed Corey Lemelin's deposition to take place on June 4 at Defense counsel's office in Irvine, California. Plaintiff's counsel stated that Mr. Lemelin would be available for deposition on June 17 in Los Angeles – a location further away from his residence than Irvine. *Id.* ¶ 6, Exh. A 5-6. Despite the inconvenience of having to travel to Los Angeles (and the potential to force Mr. Lemelin to travel to Irvine on the originally-noticed day under the Rule oft-cited by Plaintiff's counsel in meet and confer regarding the instant *ex parte*), Defense counsel accommodated the request and took the deposition in Los Angeles. *Id.* ¶ 6. As another example, Plaintiff's counsel requested that Yao Li's deposition start at 6:00 p.m. so that he could be deposed after work. This request was also accommodated. *Id.* ¶ 6, Exh. A 9-10.

When Audax Bufete failed to appear at his deposition that **Plaintiff's counsel** had scheduled to take place in San Francisco on June 6, Defense counsel Maria Gutierrez agreed, at Plaintiff's counsel's behest, to refrain from taking a notice of non-appearance and to instead change her travel plans so that Mr. Bufete could be deposed in Sacramento the following day. As a result of Plaintiff's counsel's requests on behalf of Mr. Li and Mr. Bufete, Ms. Gutierrez concluded Mr. Li's deposition at 9:00 p.m. on June 6 in San Francisco and was waiting for a bus to Sacramento before 6:00 a.m. the following morning. *Id.* ¶ 7.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
DB2/ 24204920.1

4

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

1     Defendant also noticed Baolang Hunyh's deposition for San Francisco, where Defense counsel has an office, but agreed to take the deposition in Sacramento at a facility for which Defendant was required to pay based on Plaintiff's counsel's misrepresentation that Mr. Hunyh lived more than 100 miles from the San Francisco office. In fact, Mr. Hunyh lives approximately 89 miles from Defense counsel's San Francisco office. Defendant could have insisted on taking Mr. Hunyh's deposition in San Francisco, but did not. *Id.* ¶ 8, Exh. A 11-13.

    **B.    Plaintiff's Counsel Schedules Depositions for Defendant's Declarants and then Reschedules Them for No Given Reason After Defendant and Defendant's Counsel Has Worked to Clear Schedules and Facilitate Availability**

    In response to Plaintiff's counsel's requests that Defense counsel accept service of deposition subpoenas for putative class members, Defense counsel has explained multiple times that they do not – and indeed Defense counsel in a putative class action ethically cannot – represent putative class members. However, Defense counsel agreed to facilitate depositions of the putative class members who submitted declarations in connection with Defendant's motion for class certification. In particular Defense counsel requested that Plaintiff's counsel: "provide us with a list of dates and times that you want to take the depositions, we will contact the individuals to determine their availability and endeavor to fill the schedule that you send." *Id.* ¶ 9, Exh. B 7-9.

    On June 26, 2013, Defendant filed its Opposition. *Id.* ¶ 10. The following day, Thursday June 27, Plaintiff's counsel informed Defendant in the late afternoon that they would send their deposition schedule that evening. *Id.* ¶ 10, Exh. B 5-6. At 8:34 p.m. Thursday evening (July 27), Plaintiff's counsel sent a schedule by email that had two putative class member depositions scheduled per day beginning the following Monday, July 1, at 9:00 a.m. Depositions were scheduled for July 2, 3, and 5, and for the two weeks after that. *Id.* ¶ 10, Exh. B 4-5. Defense counsel responded Friday morning, stating, in part:

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
DB2/ 24204920.1

5

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

> With respect to the depositions scheduled for Monday and Tuesday, please confirm that these witnesses have been served with subpoenas or have otherwise informally agreed to attend. Certainly, we have not contacted these individuals about appearing for depositions on Monday and Tuesday, and from a scheduling perspective, I am guessing that it will be quite difficult for them to rearrange their days. In any event, we need you to confirm by 5:00 pm today whether the depositions on Monday and Tuesday are going forward and whether you have subpoenaed the witnesses to attend. We will endeavor to contact all of the witnesses today and get their availability. *Id.* ¶ 10, Exh. B 5.

The putative class members are in-home appliance and television repair technicians. In order for them to be available for deposition, their managers have to clear all of their scheduled customer appointments for the day, which is a hardship on both Best Buy and its customers – whose appointments have to be cancelled or rescheduled if the manager does not have enough notice. *Id.* ¶ 11. Defendant spent Friday morning and afternoon attempting to contact the putative class members in the field and also working with their managers to get their schedules cleared. To the extent that witnesses raised concerns about the distance of their deposition location and requested a more reasonable location or notified Defendant that they had vacation plans on the day selected for their deposition, Defendant took note of these concerns and informed Plaintiff's counsel of dates and locations at which the declarants were available. *Id.* ¶ 12.

At 12:27 p.m. on Friday, June 28, Defense counsel notified Plaintiff's counsel that Kristine Alfaro was available for her deposition as scheduled on Tuesday July 2. At 3:53 p.m., Defense counsel notified Plaintiff's counsel that William Peterson was available for his deposition on Monday, July 1, as scheduled. Throughout the day, Defense counsel also notified Plaintiff's counsel that both Philip Guziar and Leonard Mamola were available on the dates scheduled but needed to be deposed in the Escondido area. *Id.* ¶ 13, Exh. B 2-3. Finally, Defense counsel notified Plaintiff's counsel that Lo Heng Hui was available on July 3 as scheduled. *Id.* ¶ 13, Exh. D 2. Best Buy cleared work schedules for Alfaro,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

6

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

1  Peterson, and Hui by cancelling all of their customer appointments. *Id.* ¶ 13.

2  In emails sent at 10:44 a.m., 3:53 p.m., 4:56 p.m., and 5:05 p.m. on Friday,
3  June 28, Defense counsel asked Plaintiff's counsel to confirm that the deposition
4  they scheduled for Monday July 1 was going forward. *Id.* ¶ 14, Exhs. B 2-4, C 2-3.
5  Plaintiff's counsel did not respond to these emails. *Id.* Defendant's counsel Sarah
6  Drechsler also left a voicemail for Plaintiff's counsel Kitty Szeto at 4:58 p.m.
7  asking about the deposition set for Monday and Defendant's counsel Barbara Miller
8  left a similar voicemail around the same time for Plaintiff's counsel Alex Wheeler.
9  *Id.* ¶ 14. At 5:21 p.m., Barbara Miller sent the following message to Ms. Szeto and
10 Mr. Wheeler:

11  > The putative class member depositions requires (sic) very
12  > significant planning on the part of Best Buy. They must
13  > block the tech's day and reschedule customers for another
14  > day. This process is burdensome for customers and
15  > planners. We are endeavoring to contact folks and get
16  > them to depositions. Your refusal to communicate with
17  > us or provide us with official Notices of Deposition is not
18  > helpful. I am in the office now. I called Alex to try and
    > discuss these issues. Sarah called Kitty. Best Buy
    > rescheduled customers for Monday to accommodate your
    > desire to take a deposition on Monday. Moreover, Best
    > Buy needs to know whether it needs to block schedules
    > for Tuesday and Wednesday. Please call me as soon as
    > possible so that we can discuss these issues. *Id.* ¶ 14,
    > Exh. D 2-3.

19  At 6:12 p.m. Ms. Szeto simply responded: "The depositions will start on
20  Wednesday. You should receive the deposition notices by overnight mail
21  tomorrow. We will confirm via email as soon as we receive notice that your
22  declarants have been served." *Id.* ¶ 15, Exh. D 2.

23  On Friday night and on Monday, July 1, Plaintiff's counsel provided a new
24  schedule which changed the dates and times for many of the depositions. Further,
25  this schedule ignored the requests from deponents to be deposed at locations to
26  which they could reasonably travel. For example, even though Defense counsel
27  had notified Plaintiff's counsel that Mr. Hui was available for deposition on
28  Wednesday July 3, as originally requested by Plaintiff, Plaintiff rescheduled his

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
DB2/ 24204920.1

7

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

1   deposition to July 10.  Plaintiff's counsel reschedule Mr. Peterson's deposition
2   from Monday – on which day Best Buy had already cleared all of his customers –
3   to Wednesday.  Plaintiff insisted on taking Mr. Mamola's deposition in Costa
4   Mesa, rather than the San Diego area, even though he lives in the Temecula area.
5   *Id.* ¶ 16, Exh. E 2-3.

      **C.    Plaintiff's Counsel Sets the Depositions for Unreasonable Locations and Refuses to Accommodate Defendant's Declarants' Vacation Schedules**

8         Due to the extreme lack of courtesy exhibited by Plaintiff's counsel in the
9   unexplained rescheduling of the depositions, on Monday, July 1, Defense counsel
10  notified Plaintiff's counsel that Defendant was no longer willing to attempt to
11  facilitate the depositions, as requests as to times and locations had been ignored.
12  Inexplicably, Plaintiff's counsel responded: "This inconvenience was created by
13  your refusal to accept service of the subpoenas and could have been avoided had
14  you simply agreed to accept service regardless if you represent them or not."  In
15  other words, if Defense counsel had agreed to violate the professional rules, by
16  acting as a representative of individuals Defense counsel cannot represent, then
17  Plaintiff's counsel would not have been so inconsiderate.  *Id.* ¶ 17, Exh. F 4-6.
18        In response, Defense counsel again reminded Plaintiff's counsel that Defense
19  counsel cannot accept service on behalf of individuals Defense counsel does not
20  and cannot represent.  Defense counsel also notified Plaintiff's counsel that they
21  had been contacted by declarant Richard Telles, who Plaintiff had subpoenaed to
22  appear for deposition on Friday, July 5, at 2:00 p.m. in Lancaster (a location 82
23  miles away from his house), and that Mr. Telles was not able to appear because he
24  has a vacation scheduled for the holiday weekend and also he does not have
25  transportation to Lancaster and would have to make the 164-mile round trip by bus.
26  He asked that he be deposed in Los Angeles on a different date.  Rather than having
27  any understanding or willingness to accommodate his request, Ms. Szeto
28  questioned whether he could drive a Best Buy vehicle to Lancaster.  *Id.* ¶ 18, Exh. F

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 24204920.1

8

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

4.

Defense counsel also notified Plaintiff's counsel that declarant Gary Tran informed Defense counsel that the Sacramento location of his deposition was too far of a distance for him (more than 100 miles from his home), but he would appear in either San Jose or San Francisco. Defense counsel offered to hold the deposition in their Palo Alto or San Francisco office. *Id.* ¶ 19, Exh. G 5. Plaintiff's counsel disregarded Mr. Tran's request and claimed that technically, the Sacramento location is not 100 miles from his place of work, even though Plaintiff's whole lawsuit is based on the repair technicians' work from their homes.[1] *Id.* ¶ 19, Exh. G 2. Plaintiff's counsel refused to move the deposition to a reasonable location.

Similarly, in total disregard for the convenience of the non-party witnesses, Plaintiff has noticed all the depositions for Defendant's declarants living in the Los Angeles area to take place at Plaintiff's counsel's office in Lancaster and all the depositions for declarants living in the San Diego area to take place at a third-party location in Costa Mesa. *Id.* ¶ 20. As a result, the **<u>one-way</u>** distance in miles of the shortest possible route from the deponents' homes to the depositions are as follows: Gary Tran - 101.80 miles, Robert Clark - 93.97 miles, Jose Soto - 89.72 miles, William Peterson - 82.13 miles, Otoniel Vargas - 86.87 miles, Darren Alexander - 65.61 miles, Luis Cabrera - 65.88 miles, Lo Heng Hui - 69.60 miles, Leonard Mamola - 67.09 miles, Alfredo Ramos - 67.65 miles, Richard Lloyd Telles - 69.70 miles, Ken Van Tran - 67.63 miles, David Zook - 70.82 miles. *Id.* Plaintiff also noticed depositions for July 5, the Friday in between the Fourth of July and the weekend, when many people are on vacation. *Id.*

Based on Plaintiff's counsel's unwillingness to make any accommodations

---

[1] Plaintiff's counsel contends that she is allowed to force Mr. Tran to travel over one hundred miles from his home because he happened to sign his declaration in Pleasant Hills, which is less than 100 miles from Sacramento. Pleasant Hills is not in fact Mr. Tran's place of employment. Mr. Tran starts his work day and spends his first hour or so of work at home, which is more than 100 miles from the deposition location. *Id.* ¶ 19.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

9

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

for third party witness vacation plans or inability to travel to remote deposition locations in their unilaterally noticed schedule, Defense counsel notified Plaintiff's counsel on July 1 that Defendant would seek a protective order limiting the location of the depositions to within 30 miles of the individual's home and seeking accommodation of pre-planned vacation dates. *Id.* ¶ 21, Exhs. F 3, G 3.  Plaintiff's counsel explained that they are: "simply following the rules when setting these depositions.  We should not be forced to incur additional costs and time in traveling to the deponents for their depositions." [2] *Id.*

Ironically, given Plaintiff's counsel's argument in their Motion for Class Certification that the Court should deem them adequate to represent the very same individuals who they are deliberately burdening and seeking to alienate from judicial relief, Plaintiff's next tact in meet and confer regarding this Application was apparently to contrive a scenario where there is no one to raise with the Court the serious concerns voiced by these putative class members about the location and timing of the depositions notice by Plaintiff's counsel.  More specifically, Plaintiff's counsel tried to question Defendant's standing to bring a motion to protect the interests of third party witnesses who Plaintiff's counsel is unreasonably burdening.[3] *Id.* ¶ 23, Exhs. G 3-5, H 2-3.

---

[2] Trying to obscure the reality that Defendant accommodated all of the location requests made by Plaintiff's counsel, Plaintiff's counsel endeavored to justify their misconduct with accusations that Defense counsel made one deponent travel 75 miles and another travel 91 miles **round trip** for their depositions (37.5 and 45.5 miles one way).  Not only did Plaintiff's counsel not request other locations for the three depositions about which they now complain but, notably, the travel distance for these three witnesses is roughly half the distance Plaintiff's counsel seeks to make almost all of their deponents travel.  Also interestingly, it appears that Plaintiff's counsel actually requested that Mr. Lemelin be deposed further from his home than the location originally noticed by Defendant for his deposition.  *Id.* ¶ 22.

[3] To the extent that Plaintiff's counsel persists in contending that this Court does not have the power to rectify the burden they seek to impose on putative class members, Defendant does in fact have standing the bring this motion:  Defendant has an interest in making sure that the depositions are not scheduled in a manner that will prevent or dissuade Defendant's declarants from appearing since Plaintiffs have stated that Plaintiff will move to strike the declaration of any individual who does not appear at their deposition as noticed however unreasonable the location or timing.  Defendant so informed Plaintiff's counsel.  Id. ¶ 23, Exhs. G 3-5, H 2-3.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

10

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

In the communications that followed regarding the basis for the instant motion, Plaintiff's counsel next tried to argue: "Your request will require Plaintiff to incur costs to rent venues for almost all of the depositions and punish and prejudice Plaintiff because his attorneys are located in Lancaster." *Id.* ¶ 24, Exh. G 2. This is simply not true, as Defense counsel has offered to Plaintiff's counsel the use of its offices in Irvine, Los Angeles, Palo Alto, or San Francisco without cost. *Id.* ¶ 24. Also, according to their website, the Plaintiff's counsel's firm has their own office in downtown Los Angeles. *Id.* In addition, Plaintiff has noticed depositions in Costa Mesa and Sacramento at the offices of Esquire Deposition Services. They could just as easily notice depositions in the San Jose or San Francisco areas. *Id.*

## II. ARGUMENT

### A. Ex Parte Relief Is Warranted

A party may justify *ex parte* relief if the evidence shows that the moving party's cause will be prejudiced if the underlying motion is heard according to the regularly noticed motion procedure. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, *ex parte* relief is warranted because if Defendant files a motion for a protective order according to the regularly noticed motion procedure, the request for relief will become moot. More specifically, all depositions have been set for a date before July 17 and among the most egregious inconveniences are those Plaintiff's counsel seeks to impose on Mr. Telles on Friday, July 5, 2013, and on Mr. Tran on Monday, July 8, 2013. Further, Defendant did not learn that Plaintiff's counsel had done so until Monday, July 1, 2013. Furthermore, Defendant was astounded to learn that Plaintiff's counsel insists on endeavoring to impose this burden on individuals they seek to represent notwithstanding extensive meet and confer efforts by Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

11

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

### B.     Good Cause Exists For A Protective Order

This Court is empowered to protect third-party witnesses from undue burden – such as being forced to cancel pre-planned holiday weekend vacation plans on a few days notice and driving scores of miles from their homes when a multitude of more reasonable deposition locations exist – in providing deposition testimony.  A court may issue a protective order pursuant to Fed. R. Civ. P. 26(c) upon a showing of "good cause" in order to "provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery." *Lectrolarm Custom Sys, Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 573 (E.D. Cal. 2002).[4]  The relief that a court may grant includes forbidding the discovery sought by the requesting party.  Fed. R. Civ. P. 26(c)(1)(A).  The types of relief set forth in Rule 26(c), however, are non-exhaustive and a court has wide discretion to impose other appropriate limitations on discovery. *United States v. CBS, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).  To determine whether good cause exists for the protective order, a court "must balance the interests in allowing discovery against the relative burdens to the parties and non parties." *Lectrolarm*, 212 F.R.D. at 573.

Further the Court's power extends to requiring a party issuing a subpoena under Rule 45 to comply with their duty "to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).  Indeed, the court may impose an appropriate sanction on a party or attorney who fails to comply. *Id.*  Moreover, the "***non-party status*** [of a person issued a deposition subpoena] ***is a significant factor to be considered in determining whether the burden imposed by the subpoena is undue***." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009) (emphasis added).

Here, Plaintiff's counsel has unabashedly declined to give any consideration

---

[4] Unlike a motion to quash the subpoena of a nonparty, "[m]any district courts have acknowledged [that Rule 26(c)] allows a party to file a motion for protective order on behalf of a non-party." *Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, 2002 WL 1483879 (W.D. Tenn. June 26, 2002).

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 24204920.1

12

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

to the burden they are imposing on third-party witnesses. They have subpoenaed several witnesses on a week or less of notice for deposition over the July 4th weekend and refuse to give any consideration to Mr. Telles' pre-planned vacation. They insist upon taking the depositions of all Los Angeles residents in Lancaster – including the deposition of an individual who does not have a car and has requested that they take his deposition in a location he can access by bus from downtown Los Angeles. They insist upon taking the deposition of a witness (Gary Tran) who lives near San Francisco in Sacramento. Worse yet, they acknowledge that their chosen location is more than 100 miles from his home but insist on making him go to Sacramento for his deposition because he signed his declaration in this case within 100 miles of Sacramento.

As outlined above, Plaintiff has placed Defendant in a completely untenable position. Ostensibly as a punishment for not agreeing to accept service on behalf of individuals on whose behalf Defense counsel cannot legally accept service, Plaintiff's counsel is refusing to make any changes to the unreasonable depositions they have set despite Defense counsel making extensive efforts to obtain information regarding deposition availability as close as possible to the desired schedule set by Plaintiff. Moreover, Plaintiff's counsel is disrupting the lives of these individuals because they have been served with subpoenas for days and locations on which it is extremely difficult or impossible for them to attend, by the very law office who claims this Court should appoint it to represent these witnesses. Finally, Plaintiff's objective in all of these maneuverings appears to be a litigation game of trying to move to strike declarations of individuals who cannot travel, for example, from downtown Los Angeles to Lancaster on Friday afternoon July 5 when they have pre-planned holiday weekend plans and do not own a car.

There is no reason that the depositions of individuals with Fourth of July vacation plans cannot be rescheduled to another date in the next three weeks. There is no reason that more than ten third-party witnesses should have to travel between

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

13

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION

130 and 200 miles round-trip, not even considering the traffic they will face, because Plaintiff's counsel does not want to use any of the better-located, cost-free deposition locations available. Plaintiff's counsel's behavior is simply gamesmanship operating to significantly and unreasonably burden third-party witnesses. This conduct imposes undue burden on third-party witnesses under Rule 45(c)(1). *Whitlow*, 263 F.R.D. at 512. Thus, there is good cause for the Court to exercise its powers under Rule 26(c)(1)(a) and issue a protective order requiring Plaintiff's counsel: (1) to refrain from taking depositions that interfere with deponent's preplanned vacations; and (2) to take depositions within 30 miles of each deponent's home.

### III. CONCLUSION

For the reasons set forth above, the Court should grant Best Buy's *ex parte* application for a protective order.

Dated:  July 2, 2013                                 MORGAN, LEWIS & BOCKIUS LLP


By:      /s/ Barbara J. Miller
         Barbara J. Miller
         Attorneys for Defendant
         Best Buy Stores, L.P.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24204920.1

14

CASE NO. CV-12-07794 JAK (SH)
DEFENDANT'S *EX PARTE* APPLICATION